IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JULIO DIAZ,
    Petitioner,

vs.                                        Case No.:  3:06cv310/LAC/EMT

U.S. PAROLE COMMISSION and
SCOTT FISHER,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1).   The U.S. Parole Commission (Parole Commission) and Scott Fisher, Warden of the Federal Prison Camp in Pensacola, Florida (FPC-Pensacola), have answered the petition and seek its denial (Doc. 9).  Petitioner has filed a reply and motion for summary judgment (Docs. 7, 10).  At the court's direction, Respondent supplemented the record with additional materials (*see* Docs. 11, 12).

    Petitioner, a federal inmate housed at FPC-Pensacola, seeks habeas relief in the form of an order removing a detainer for violation of mandatory release which has been lodged against him by the Parole Commission.  Although the detainer was lodged over four years ago, Petitioner complains that he has not been provided a dispositional review hearing in violation of the Due Process Clause, and that the detainer is denying him time credits toward the completion of his current sentence and is preventing his access to prison programs.

    Petitioner does not dispute Respondent's description of the procedural history of his case. Petitioner is currently serving a one hundred twenty-four (124) month sentence imposed in 2000 in the United States District Court for the Southern District of Florida for conspiracy to possess with intent to distribute cocaine.  Petitioner was previously convicted in 1991 in the Southern District of

one count of attempt to possess with intent to distribute cocaine, for offense conduct that occurred in October of 1987, and he was sentenced to a term of fifteen (15) years of imprisonment.[1]  Pursuant to 18 U.S.C. §§ 4163 and 4164, Petitioner was mandatorily released on October 18, 1996, under mandatory release supervision by the Parole Commission until May 20, 2002, one hundred eighty (180) days prior to expiration of his sentence (*see* Doc. 9, Ex. F).[2]

Based upon his new criminal conviction on June 22, 2000, the Parole Commission issued a mandatory release violator warrant on July 24, 2001, and mailed it to the federal institution where Petitioner was incarcerated (*see* Doc. 9, Exs. H, I, J).  On July 16, 2002, the Parole Commission requested that the warrant be lodged as a detainer, however the Commission did not receive confirmation from the institution that the detainer had been lodged; therefore, the Commission sent a second request on October 28, 2002 (*see id.*, Ex. K).  Once receiving such confirmation, a dispositional review was held, and on November 11, 2002, the Parole Commission directed to "Let the Detainer Stand" (*see id.*, Ex. L).  As of today, the detainer remains in place and the violator warrant remains unexecuted.

---

[1]Petitioner was originally convicted of six counts of conspiracy and attempt involving the importation and possession with intent to distribute cocaine and sentenced to forty-two (42) years of imprisonment followed by three (3) years of supervised release (*see* Doc. 12, Ex. B).  *See* United States v. Baptista-Rodriguez, et al., 17 F.3d 1354, 1359 (11th Cir. 1994).  His conviction was reversed and his sentence vacated by the Eleventh Circuit Court of Appeals in 1994.  *Id.* at 1368.  On remand, Petitioner pleaded guilty to one count of attempt to possess with intent to distribute cocaine, and he was sentenced on January 31, 1995, to fifteen (15) years of imprisonment to be followed by five (5) years of supervised release (*see* Doc. 12, Exs. A, B).  Petitioner filed a motion to vacate or correct sentence, pursuant to 28 U.S.C. § 2255, alleging that the court improperly sentenced him to a term of supervised release (*see* Doc. 12, Ex. B). On April 30, 1997, the trial court granted Petitioner's motion on the ground that Petitioner's offense conduct, which occurred from September to October of 1987, pre-dated the effective dates of the statutes establishing special parole and supervised release (*id.*, Exs. B, C).  Therefore, the court ordered amendment of his judgment of conviction to show his conviction for attempt to possess with intent to distribute at least 5 kilograms of cocaine and to delete the term of supervised release (*id.*).

[2]Because Petitioner's offense conduct occurred prior to November 1, 1987, he was subject to the mandatory release provisions set forth in 18 U.S.C. §§ 4161-4166, which provided for release of a prisoner at the expiration of his term of sentence less good conduct time, *see* §§ 4161-4163, and that a prisoner so released shall "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."  *See* 18 U.S.C. § 4164.  Although the Sentencing Reform Act of 1984 abolished the Parole Commission and repealed most of the pre-existing statutory framework governing parole and mandatory release of federal prisoners, *see* Pub. L. 98-473, §§ 218(a), 235(a)(1), 235(b)(1)(B), 98 Stat. 1837, the Parole Commission's existence has subsequently been extended several times, with the most recent extension continuing the Commission until November 1, 2008, *see* United State Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. 109-76, § 2, 119 Stat. 2035.

Petitioner first argues that the mandatory release violator warrant and detainer are illegal because he has not been provided a dispositional review. This argument is clearly without merit as Respondent submitted a copy of the Notice of Pending Dispositional Review on the Record, a Dispositional Review on the Record Waiver and Application signed by Petitioner on November 1, 2002, a Dispositional Review Order dated November 11, 2002, and a Corrected Notice of Action dated November 22, 2002, notifying Petitioner of the decision to let the detainer stand (*see id.*, Exs. K, L. M).

Furthermore, even if Petitioner's argument was liberally construed as challenging the detainer on the ground that he has not been provided a timely revocation hearing, his argument is without merit. It is well established that the lodging of a detainer with an institution in which a mandatory releasee is confined does not implicate due process concerns. *See* Moody v. Daggett, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976). Moreover, a mandatory releasee is not constitutionally entitled to an adversary parole hearing until he is taken into custody as a mandatory release violator by the execution of the warrant, and there is no constitutional violation in holding the warrant as a detainer and not executing it until the expiration of the releasee's current sentence, especially in cases in which the releasee has been convicted of an offense which plainly constitutes a violation of his terms of release. *See Id.*; Goodman v. Keohane, 663 F.2d 1044 (11th Cir. 1981). The fact that Petitioner has not been afforded a revocation hearing since the violator warrant was issued more than four years ago does not constitute a violation of Petitioner's rights, especially in this instance where Petitioner does not claim that his ability to defend against the alleged violation has been or will be impaired with the passage of time. *See* United States v. Williams, 558 F.2d 224 (5th Cir. 1977).[3]

Petitioner's additional claim of constitutional error–and what appears to be the real crux of his petition–is that even if he was convicted of a violation of his release and sentenced to the remainder of his sentence at the time of his release in 1996, which Petitioner calculates as 60 months, that time has already expired, and the existence of the unexecuted detainer has interfered

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No.: 3:06cv310/LAC/EMT

with his ability to participate in certain prison programs and to be entitled to credits which would shorten his current term of incarceration. This claim also fails. The Supreme Court has rejected the concept that adverse collateral consequences from a detainer trigger due process concerns. Moody, 429 U.S. at 88 n.9. Prison officials have the discretion to reasonably restrict the privileges of prisoners subject to detainers. *See, e.g.*, Williams-El v. Carlson, 712 F.2d 685 (D.C. Cir. 1983); Mayo v. Sigler, 428 F. Supp. 1343 (N.D. Ga. 1977).

To the extent Petitioner challenges the legality of the detainer on the ground that he was not legally subject to supervision upon his release in 1996, his claim is likewise without merit. Although his original sentence was modified to reduce his sentence to fifteen years and delete the term of supervised release (*see* Doc. 12, Exs. 1, 2, 3), and although the magistrate judge noted in its Report and Recommendation on Petitioner's § 2255 motion that Petitioner was not subject to a term of special parole or supervised release because his offense conduct pre-dated the effective dates of the statutes implementing those types of supervision, Petitioner was subject to supervision as a mandatory releasee, pursuant to 18 U.S.C. § 4164. See Lazard v. United States, 583 F.2d 176, 177 (5th Cir. 1978). Furthermore, pursuant to § 4164, Petitioner was within the Parole Commission's jurisdiction until the expiration of his maximum term less 180 days. The expiration of Petitioner's maximum term less 180 days was May 20, 2002 (*see* Doc. 9, Ex. F), and the violator warrant was issued on July 24, 2001 (*see id.*, Ex. I); therefore, the Commission's jurisdiction was not expired when the warrant was issued. *See* Combs v. Carroll, 446 F.2d 893, 894 (5th Cir. 1971); Buchanan v. Blackwell, 372 F.2d 451, 452-53 (5th Cir. 1967). Moreover, to the extent Petitioner argues that he is no longer subject to the Commission's jurisdiction because his federal sentence will have expired prior to actual execution of the violator warrant, his claim is without merit. The Eleventh Circuit has approved of a parole revocation where the warrant was actually executed long after the federal sentence was due to expire. *See* Buchanan, 372 F.2d at 452; Hogan v. Zerbst, 101 F.2d 634, 634-35 (5th Cir. 1939).

In accordance with the above discussion, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.
2. That all pending motions be **DENIED** as moot.

Case No.: 3:06cv310/LAC/EMT

At Pensacola, Florida, this 14th day of December 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE  JUDGE**


### NOTICE TO THE PARTIES

**Objections to these findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  <u>See</u> 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**